Case 1:09-cv-03367-BMC   Document 3   Filed 08/06/09   Page 1 of 11

FILED
IN CLERK'S OFFICE
U.S DISTRICT COURT E.D.N.Y.

★ AUG 7 - 2009 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK

---

Hilda L. Solis, SECRETARY OF LABOR, : Civil Action
UNITED STATES DEPARTMENT OF LABOR,
: File No. 09-cv-03367-BMC
Plaintiff,
:
v.
:
: **CONSENT JUDGMENT**
NORTIC PARKING CONSULTANTS, INC.
dba PARKING LOGISTICS and
DAVID CITRON, Individually, :

Defendants. :

---

Plaintiff ("the Secretary") has filed her complaint and defendants appeared by Counsel and an agreement was reached by the parties to resolve the issues raised in this action. Defendants acknowledge their responsibilities pursuant to this agreement, and acknowledge that they will be subject to sanctions in contempt of this Court if they fail to comply with the provisions of this Judgment, and that the defendants, without admitting the alleged violations, consent to the entry of this Judgment; it is, therefore, upon motion of the attorneys for plaintiff and for good cause shown:

I. ORDERED, ADJUDGED, AND DECREED that defendants NORTIC PARKING CONSULTANTS, INC. dba PARKING LOGISTICS and DAVID CITRON, their officers, agents, employees, and all persons acting or claiming to act in their behalf and interest are permanently enjoined and restrained from violating the provisions of sections 7, 11(c), 15(a) (2), and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended, (29 U.S.C. Section 201 et seq.), (the Act), in any of the following manners:

(1) Defendants shall not, contrary to Section 7 of the Act, employ any of their employees in any workweek who are engaged in commerce or in the production of goods for

commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, for workweeks longer than the hours now, or which in the future become, applicable under Sections 7 and 15(a)(2) of the Act, unless the employees receive compensation for their employment in excess of the prescribed hours at rates not less than one and one-half times the employees' regular rates.

(2) Defendants shall make, keep, and preserve adequate records of their employees and of the wages, hours, and other conditions and practices of employment maintained by them as prescribed by the Regulations issued pursuant to section 11(c) of the Act and found at 29 CFR Part 516.

(3) Defendants shall not discharge or take any retaliatory action against any employee because the employee engages in any of the following activities:

a. Discloses, or threatens to disclose, to a supervisor or to a public agency, any activity, policy or practice of the employer or another employer, with whom there is a business relationship, that the employee reasonably believes is in violation of the Act, or a rule or regulation promulgated pursuant to the Act;

b. Provides information to, or testifies before, any public agency or entity conducting an investigation, hearing or inquiry into any alleged violation of the Act, or a rule or regulation promulgated pursuant to the Act, by the employer or another employer with whom there is a business relationship;

c. Objects to, or refuses to participate in any activity, policy or practice which the employee reasonably believes is in violation of the Act, or a rule or regulation promulgated pursuant to the Act;

Further, the Court finding, as agreed by Defendants, that FORTY-TWO THOUSAND, SEVEN HUNDRED AND ONE DOLLARS AND SEVENTY CENTS ($42,701.70) in overtime compensation plus $693.90 in post-judgment interest, is due certain employees listed on Schedule A, it is:

II.     ORDERED, ADJUDGED, AND DECREED that the defendants NORTIC PARKING CONSULTANTS, INC. dba PARKING LOGISTICS and DAVID CITRON are restrained from the withholding of the payment of overtime compensation and post-judgment interest due to their employees in the total sum of $43,395.60. Payment of the overtime compensation and post-judgment interest shall be made in twelve (12) monthly installments according to Schedule B. All installment payments shall be paid by defendants by delivering certified checks made payable to "Wage and Hour-Labor" to the following address:

    U.S. Department of Labor
    Wage and Hour Division
    Attn: Deborah Savage
    170 S. Independence Mall West, Suite 850W
    Philadelphia, PA 19106

"Case No. 1489255" must be written on the face of each check. The plaintiff shall deliver the proceeds of the check less any legal deductions to the employees as indicated in Schedule A.

In the event that any one installment payment is not made within 10 days of the due date as set forth above, all remaining installment payments become due immediately.

Neither defendants nor anyone on their behalf shall directly or indirectly solicit or accept the return or refusal of any sums paid as back wages and post-judgment interest under this Judgment.

Any sums not distributed to the employees named herein, or to their personal representatives because of inability to locate the proper persons or because of such persons' refusal to accept such sums, shall be deposited with the Clerk of this Court who shall forthwith deposit such money with the Treasurer of the United States pursuant to 28 U.S.C. §2041 and §2042.

Defendants shall assist the U.S. Department of Labor in the distribution of the back wages and post-judgment interest due by providing the last known addresses and social security numbers of the defendants' employees and former employees to be paid.

III.   ORDERED, ADJUDGED, AND DECREED that the defendants shall advise all their employees of the employees' rights under the Fair Labor Standards Act, and the general terms of this Judgment, including the payment of minimum wages and overtime and the rights of employees to engage in activity protected by the Act without fear of retaliation either orally or in writing in English and Spanish. This advice to employees shall take place within 30 days of the entry of Judgment on a workday.

IV.   ORDERED that defendants shall place posters provided by the Wage and Hour Division with information about the Act where employees may view them; and it is further

V.   ORDERED that if the defendants fail to make the payments as set forth above, upon notice to the defendants, the Court shall appoint a Receiver. In the event a Receiver is appointed, it is further

VI.   ORDERED that defendants shall cooperate with the Receiver in all respects, and shall provide to the Receiver any and all information which the Receiver may require to carry out

its appointment and in accordance with the authority given to the Receiver pursuant to applicable law at the time of appointment; and it is further

VII. ORDERED that all the expenses of the accountant or Receiver shall be borne solely by defendants; and it is further

VIII. ORDERED that if the Court appoints a Receiver, the Receiver shall serve until the payment of the monetary terms of this Judgment are satisfied; and it is further

IX. ORDERED that the Receiver shall have full authority to: collect the defendants' assets and report his/her findings to the Court and the parties; to redeem and/or liquidate the defendants' assets and turn over the proceeds to the Secretary; if the asset is a debt that is due, collect it and turn over the proceeds to the Secretary; to analyze all indebtedness and where deemed appropriate seek restructuring; to analyze all transfers of the defendants' assets; to prevent waste or fraud; and to do all acts and take all measures necessary or proper for the efficient performance of the duties under this Judgment and Order.

X. IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that neither the commencement of this action nor the provisions of this Consent Judgment shall in any way affect, determine, or prejudice any and all legal rights of any employees of defendants not listed in Schedule A of this Judgment, be they current or former employees, to file any action against defendants under section 16(b) of the Act or likewise for any current or former employee listed on Schedule A of this Judgment to file any action against defendants under section 16(b) of the Act for any violations alleged to have occurred after September 30, 2007.

XI. IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that each party will bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding.

DATED: August 6, 2009

/s/(BMC)
_____
UNITED STATES DISTRICT JUDGE
HON. BRIAN M. COGAN

Defendants appeared by counsel
and the entry of this
Judgment is hereby consented to
by defendants.

BY: _____
DAVID CITRON, Owner
NORTIC PARKING CONSULTANTS, INC.
dba PARKING LOGISTICS

_____
DAVID CITRON, Individually

_____
ALEC SAUCHIK, ESQ.
Attorney for Defendants

Khenkin & Sauchik
6913 Eleventh Avenue
Brooklyn, NY 11228

## SCHEDULE A

| EE Name / 3rd Party | Principal | Interest | Total Payment |
|---|---|---|---|
| Alberto Rivera | $1,625.00 | $4.06 | $1,629.06 |
| Iron Morrison | $1,933.48 | $13.09 | $1,946.57 |
| Iron Morrison | $3,301.52 | $8.25 | $3,309.77 |
| Frederick Espinal | $256.96 | $21.16 | $278.12 |
| Frederick Espinal | $3,558.48 | $9.94 | $3,568.42 |
| Frederick Espinal | $416.56 | $1.04 | $417.60 |
| Roman Gerzhgorin | $980.00 | $9.80 | $989.80 |
| Alejandro Villanueva | $2,161.92 | $28.29 | $2,190.21 |
| Alejandro Villanueva | $666.93 | $1.67 | $668.60 |
| Terrance Jones | $2,200.00 | $27.50 | $2,227.50 |
| Rohan Crosdale | $402.47 | $5.03 | $407.50 |
| Loue Galobe | $289.08 | $4.06 | $293.14 |
| Loue Galobe | $35.92 | $0.09 | $36.01 |
| Herman Terrance | $847.06 | $12.71 | $859.77 |
| Ibrahim Muhammed | $2,675.50 | $40.56 | $2,716.06 |

| EE Name / 3rd Party | Principal | Interest | Total Payment |
|---|---|---|---|
| | | | |
| Ibrahim Muhammed | $28.50 | $0.07 | $28.57 |
| Luis Crespo | $1,103.05 | $19.30 | $1,122.35 |
| Ariel Aracena | $1,881.83 | $32.93 | $1,914.76 |
| Juan Bueno | $404.25 | $7.07 | $411.32 |
| WB Crespo | $140.85 | $3.70 | $144.55 |
| | | | |
| WB Crespo | $70.53 | $0.18 | $70.71 |
| Wade Frame | $1,361.81 | $27.24 | $1,389.05 |
| Floyd Brown | $737.86 | $14.76 | $752.62 |
| Gary Coppage | $247.65 | $4.95 | $252.60 |
| Sarkis Degimenci | $137.23 | $2.74 | $139.97 |
| Gregory Jenkins | $204.51 | $4.09 | $208.60 |
| Kathrine Lowry | $274.59 | $5.49 | $280.08 |
| Dwayne Peters | $524.30 | $17.34 | $541.64 |
| | | | |
| Dwayne Peters | $342.50 | $0.86 | $343.36 |
| Jeff Robinson | $675.00 | $15.19 | $690.19 |
| Derek Trimmer | $1,107.77 | $24.92 | $1,132.69 |
| Hussein Yusaf | $917.50 | $20.64 | $938.14 |
| Piero Lasaponana | $515.71 | $22.64 | $538.35 |
| | | | |
| Piero Lasaponana | $490.41 | $1.23 | $491.64 |
| Gamesh Ramtall | $989.20 | $24.73 | $1,013.93 |
| Juan Cabrera | $719.86 | $18.00 | $737.86 |
| Juan Cubertier | $315.13 | $7.88 | $323.01 |
| Quincy Jones | $593.83 | $14.85 | $608.68 |
| Bejtula Kalisi | $450.05 | $41.73 | $491.78 |
| | | | |
| Bejtula Kalisi | $1,219.33 | $3.05 | $1,222.38 |

| EE Name / 3rd Party | Principal | Interest | Total Payment |
|---|---|---|---|
| Junior McCalla | $133.04 | $3.66 | $136.70 |
| Ricardo Alvarado | $28.86 | $0.79 | $29.65 |
| Ricardo Ayala | $101.18 | $2.78 | $103.96 |
| Felix Tavares | $354.64 | $9.75 | $364.39 |
| Osvaldo Vargas | $505.60 | $13.90 | $519.50 |
| Christos Benson | $682.51 | $18.77 | $701.28 |
| Areil Cartagena | $179.40 | $4.93 | $184.33 |
| Deon Davis | $297.06 | $8.17 | $305.23 |
| Michael Gocool | $56.86 | $5.22 | $62.08 |
| Michael Gocool | $132.86 | $0.33 | $133.19 |
| Minetos Charalampos | $1,320.56 | $39.62 | $1,360.18 |
| Jason Davis | $164.29 | $4.93 | $169.22 |
| Tristan Huggins | $167.56 | $5.03 | $172.59 |
| Lamar Lawrence | $372.48 | $11.17 | $383.65 |
| Earl Johnson | $181.02 | $5.43 | $186.45 |
| Nicholas Mazzola | $141.42 | $4.24 | $145.66 |
| Micheal Peters Jr. | $285.44 | $8.56 | $294.00 |
| Franciso Polanco | $31.58 | $0.95 | $32.53 |
| John Sanchez | $235.51 | $7.07 | $242.58 |
| Andrew Gallis | $36.16 | $1.08 | $37.24 |
| Lynn Castelan | $33.25 | $1.00 | $34.25 |
| Omar Estwick | $83.07 | $2.49 | $85.56 |
| Akeem Anderson | $66.72 | $2.00 | $68.72 |
| Andy Bousbon | $34.26 | $1.03 | $35.29 |
| Cairet Warren | $248.25 | $7.39 | $253.64 |
| Glenn Massaquio | $25.99 | $0.78 | $26.77 |
| | $42,701.70 | $693.90 | $43,395.60 |

## SCHEDULE B

| Payment Due Date | Backwages Due | Interest Due | Total Due |
| --- | --- | --- | --- |
| July 15, 2009 | $ 3,558.48 | $ 17.15 | $ 3,575.63 |
| August 15, 2009 | $ 3,558.48 | $ 29.41 | $ 3,587.89 |
| September 15, 2009 | $ 3,558.48 | $ 9.94 | $ 3,568.42 |
| October 15, 2009 | $ 3,558.48 | $ 39.13 | $ 3,597.61 |
| November 15, 2009 | $ 3,558.48 | $ 38.26 | $ 3,596.74 |
| December 15, 2009 | $ 3,558.48 | $ 53.36 | $ 3,611.84 |
| January 15, 2010 | $ 3,558.48 | $ 63.07 | $ 3,621.55 |
| February 15, 2010 | $ 3,558.48 | $ 76.79 | $ 3,635.27 |
| March 15, 2010 | $ 3,558.48 | $ 84.25 | $ 3,642.73 |
| April 15, 2010 | $ 3,558.48 | $108.42 | $ 3,666.90 |
| May 15, 2010 | $ 3,558.48 | $ 71.02 | $ 3,629.50 |
| June 15, 2010 | $ 3,558.42 | $103.10 | $ 3,661.52 |
| TOTALS: | $42,701.70 | $693.90 | $43,395.60 |

STATE OF NEW YORK )
:SS:
COUNTY OF KINGS )

On the 10th day of July, 2009 before me came DAVID CITRON, to me known, who, being by me duly sworn, did depose and say that he is the Owner of NORTIC PARKING CONSULTANTS, INC. dba PARKING LOGISTICS, the corporation described in and which executed the foregoing instrument, that he is a duly authorized officer of said corporation, and that he signed his name thereto by like order.

_____
NOTARY PUBLIC

ALEC SAUCHIK
Notary Public, State of New York
No. 02SA6088856
Qualified in Kings County
Commission Expires March 17, 2011

STATE OF NEW YORK )
:SS
COUNTY OF KINGS )

On the 10th day of July, 2009 before me personally appeared DAVID CITRON to me known and known to me to be the individual described in and who executed the foregoing instrument and he duly acknowledged to me that he executed the same.

_____
NOTARY PUBLIC

ALEC SAUCHIK
Notary Public, State of New York
No. 02SA6088856
Qualified in Kings County
Commission Expires March 17, 2011